**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**May 20, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Raheim Doleman,**
**Petitioner Below, Petitioner**

**vs)   No. 15-0780** (Berkeley County 15-C-235)

**Lance Yardley, Warden,**
**Pruntytown Correctional Center,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Raheim Doleman, pro se, appeals the order of the Circuit Court of Berkeley County, entered on July 14, 2015, denying his petition for a writ of habeas corpus. Lance Yardley, Warden, Pruntytown Correctional Center,[1] by counsel Christopher C. Quasebarth, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In petitioner's criminal case, No. 14-F-25, he pled guilty to—and the circuit court convicted him of—the felony offenses of robbery in the first degree and assault during the commission of a felony.[2] According to respondent's response to petitioner's habeas petition, he

---

[1]Due to petitioner's transfer, the "person having the immediate custody" of him has changed and has been substituted as the respondent. *See* W.Va. Code § 53-4A-5.

[2]Petitioner entered his guilty pleas pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), which allows a defendant to enter a guilty plea without admitting guilt. *See* Syl. Pt. 1, *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).

participated in "the violent beating and robbery of a prominent local sports hero."[3] Petitioner entered his guilty pleas pursuant to a binding plea agreement under which he received a definite sentence of eighteen years of incarceration for first degree robbery and an indeterminate sentence of two to ten years of incarceration, to be served concurrently.

In petitioner's habeas proceeding, No. 15-C-235, he advanced only one ground for relief which the circuit court decided "upon the [parties'] pleadings." Petitioner asserted that, following his sentencing, counsel failed to provide effective assistance by not filing a motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure as instructed by petitioner. In its July 14, 2015, order denying petitioner's habeas petition, the circuit court analyzed his claim under the applicable *Strickland/Miller* standard:

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus Point 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 1, *State ex rel. Kitchen v. Painter*, 226 W.Va. 278, 700 S.E.2d 489 (2010). The circuit court found that petitioner failed to prove "either prong" of the *Strickland/Miller* standard. First, the circuit court determined that petitioner was unable to show counsel's performance was deficient because "[p]etitioner identifies no grounds upon which a Rule 35(b) motion for reconsideration could have been based" under the facts and circumstances of this case. The circuit court explained that petitioner had already received a "very favorable" sentence, especially given that there is no maximum sentence for first degree robbery.[4] Second, the circuit court determined that even assuming, arguendo, that counsel's performance was deficient, petitioner could not satisfy the second part of the *Strickland/Miller* standard—the "prejudice prong"—because "[p]etitioner fails to prove a reasonable probability" that the court would have reduced his sentence had a Rule 35(b) motion been filed. Accordingly, the circuit court concluded that "[p]etitioner fails to prove that the

---

[3]We note that the record on appeal is sparse.

[4]West Virginia Code § 61-2-12(a) provides, in pertinent part, as follows:

> Any person who commits or attempts to commit robbery by: (1) Committing violence to the person, including, but not limited to, partial strangulation or suffocation or by striking or beating . . . is guilty of robbery in the first degree *and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than ten years.*"

(Emphasis added.)

filing of such a motion would have affected the constitutional validity of either his conviction or the sentence imposed." *See* Syl. Pt. 4, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. denied*, 464 U.S. 831 (1983) ("A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed.").

Petitioner now appeals the circuit court's July 14, 2015, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). "In deciding ineffective assistance claims, a court need not address both prongs of the conjunctive *Strickland/Miller* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 321, 465 S.E.2d 416, 423 (1995).

On appeal, petitioner argues the same claim he presented to the circuit court: that counsel was ineffective because he failed to file a Rule 35(b) motion for reduction of sentence. Respondent counters that the circuit court correctly rejected petitioner's claim and denied his habeas petition.

Given petitioner's allegation that he instructed counsel to file a Rule 35(b) motion, we choose to decide his appeal only on the prejudice prong of the *Strickland/Miller* standard. We recently addressed an identical claim in *Shawn Michael R. v. Williamson*, No. 15-0024, 2016 WL 363648, at *2 (W.Va. Jan. 29, 2016) (memorandum decision):

> . . . [T]he circuit court accepted, arguendo, petitioner's assertion that he directed trial counsel to file a motion for reduction of sentence, but found that their failure to do so did not prejudice him. We note that the same judge who denied relief in petitioner's habeas proceeding presided in his criminal case; therefore, the judge knew whether he would have favorably viewed a motion to reduce petitioner's sentence. *See State ex rel. Watson v. Hill*, 200 W.Va. 201, 204, 488 S.E.2d 476, 479 (1997) (trial judge is sufficiently familiar with underlying proceedings to determine most habeas issues without extensive evidence). Therefore, we determine that the circuit court did not clearly err in finding this claim without merit on the basis that even if a motion for reduction of sentence was filed, it would have not changed the result of petitioner's criminal case.

We note that, like in *Shawn Michael R.*, the same judge who denied petitioner's habeas petition in the instant case also presided in petitioner's criminal case. Thus, the judge knew whether he would have favorably viewed a motion to reduce petitioner's sentence and also made findings indicating that such a motion would not have been granted. In its order, the circuit court explained that

petitioner had already received a "very favorable" sentence under the facts and circumstances of this case. Therefore, we find that the circuit court did not clearly err in determining that even if a motion for reduction of sentence was filed, it would have not changed the result of petitioner's criminal case.[5] Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's July 14, 2015, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: **May 20, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[5]Petitioner asserts that upon the filing of a Rule 35(b) motion, he would have had the opportunity to present to the circuit court his efforts at rehabilitation during incarceration. However, we note that even when a motion for reduction of sentence presents a "sympathetic case," whether to grant or deny the motion is still committed to the sound discretion of the circuit court. *State v. Head*, 198 W.Va. 298, 305, 480 S.E.2d 507, 514 (1996) (Cleckley, J., concurring). In this case, a judge who was very familiar with petitioner's case not only made findings indicating that he would be disinclined to grant such a motion, but also provided an explanation therefor.